IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ALL CHILDREN'S HOSPITAL, INC.,
WEST COAST NEONATOLOGY, INC.,
PEDIATRIC PHYSICIAN SERVICES, INC.
and AMBULATORY PEDIATRICS, INC.,**
as assignees of benefits and medical
services providers,

    Plaintiffs,

vs.                                                        4:05mc33-WCS

**MEDICAL SAVINGS INSURANCE
COMPANY,**

    Defendant.
_____/

## O R D E R

This is a discovery dispute arising from a case pending in the Middle District of Florida, case no. 8:04-cv-186-T-26EAJ. Defendant has moved to quash a Rule 45 subpoena issued by this court to the Florida Office of Insurance Regulation. Doc. 1. A deposition is set for May 20, 2005. Defendant has filed a supportive memorandum, doc. 2, and supplemental memoranda and exhibits, docs. 5, 6, and 7. Plaintiffs have filed a response. Doc. 8. Oral argument is not needed as the parties have thoroughly set forth their argument in these materials.

The motion and response raise complicated issues of Florida regulatory and contract law.  These issues arise here as objections to the relevance of the discovery sought.  The relevance objections go to the validity of the contract upon which Plaintiffs base their claims.

The relevance objections cannot be determined on this motion.  Standing to bring an issue to the court for resolution must be considered by the court *sua sponte*.  *Cf.*, Dillard v. Baldwin County Com'rs, 225 F.3d 1271, 1275 (11th Cir. 2000).  "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."  Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975), *citing* 5A J. Moore, Federal Practice P 45.05(2), (2d ed. 1974).  Defendant lacks standing to object to this third-party subpoena duces tecum except with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to Defendant.  Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997); Diamond State Ins. v. Rebel Oil Co., 157 F.R.D. 691, 695 (D. Nev. 1994); United States v. Nachamie, 91 F.Supp.2d 552, 558 (S.D. N.Y. 2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001).  *See* Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979); Stevenson v. Stanley Bostitch, Inc., 201 F.Supp.2d 551, 555 n. 3 (N.D. Ga. 2001); United States v. Cimino, 219 F.R.D. 695, 696 (N.D. Fla. 2003).[1]

---

[1] Nonetheless, administrative interpretation of a statute appears to be relevant to the underlying controversy.  Public Employees Relations Com'n v. Dade County Police Benevolent Ass'n, 467 So. 2d 987, 989 (Fla. 1985) ("a reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence").

Page 3 of 3

Defendant has also presented objections based upon privacy and privilege arising under the Florida law.  Defendant has standing to raise these objections.  However, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."  Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).  Plaintiffs state that counsel for the Office of Insurance Regulation will be present at the deposition to protect the integrity of records and information that are not yet in the public domain.  Counsel for Plaintiffs has also pledged that Plaintiffs will try to avoid matters that are still confidential under Florida law.  The better procedure is for Defendant to assert any claims of privilege or privacy as may be needed at the deposition.  I will be available during the entire day of the deposition to resolve any difficulties by an immediate telephone conference call.

In another case, counsel for these Plaintiffs conducted a deposition of the Office of Insurance Regulation on May 13, 2005, and gathered much of the information sought in this subpoena and deposition.  If Defendant stipulates that the information gathered in the May 13th deposition may be used in the case at bar, Plaintiffs should limit their inquiry to new matters.

For these reasons, it is **ORDERED** that Defendant's motion to quash, doc. 1, is **DENIED**.

**DONE AND ORDERED** on May 18, 2005.

>    s/   William C. Sherrill, Jr.
>    **WILLIAM C. SHERRILL, JR.**
>    **UNITED STATES MAGISTRATE JUDGE**